**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kevin Dwayne MYLES, Defendant–
Appellant.**

No. 10–14988
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 19, 2012.

947

Steven E. Butler, Donna Barrow Dobbins, Sean P. Costello, George F. May, Eugene Seidel, Assistant U.S. Attorney, U.S. Attorney's Office, Mobile, AL, for Plaintiff–Appellee.

William Gregory Hughes, W. Gregory Hughes, P.C., Mobile, AL, Kevin Dwayne Myles, FCI Yazoo City Low, Yazoo City, MS, for Defendant–Appellant.

Before CARNES, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Kevin Myles appeals his 60–month sentence for his convictions on one count of possession with intent to distribute crack cocaine and one count of possession with intent to distribute cocaine, both in violation of 21 U.S.C. § 841(a)(1). Although the district court sentenced Myles after the effective date of the Fair Sentencing Act of 2010, Pub. L. 111–220, 124 Stat. 2372, the court did not apply the Act's lower mandatory minimums. As the government concedes, the court should have done so. *See Dorsey v. United States,* ——— U.S. ———, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012) (holding that the Act's lower mandatory minimums apply to all defendants sentenced after the Act's effective date). For that reason, we **VACATE** the 60–month sentence and **REMAND** for resentencing consistent with this opinion and the Supreme Court's decision in *Dorsey.*[1]

---

1. Because *Dorsey* requires that we remand for resentencing, we do not reach Myles' argument that the district court erred in denying him safety valve relief.